In the Matter of JOHN R. SANDERS, an Attorney, Respondent. ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Petitioner.

First Department, June 29, 1967.

*John G. Bonomi* of counsel (*Michael Franck* with him on the brief), for petitioner.

*John R. Sanders,* respondent in person.

*Per Curiam.* The respondent, an attorney admitted to practice in the First Judicial Department on April 2, 1951, is charged with serious professional misconduct, including the withdrawal without authority of funds from an estate account.

The charges, which were alleged, sustained by the Referee and established by the record, include the following: (Charge 1) Respondent grossly neglected an estate proceeding for which he had been retained; he failed to advise his client, the administratrix, of his use of estate checks signed in blank by her, at his request, and he failed to forward the estate account passbook, cancelled checks and bank statements to his client when requested by her to do so. (Charge 2) Respondent withdrew $800 of the estate funds for personal use without authority, by completing one of the signed blank estate checks delivered to him by the administratrix for the purpose of paying estate or realty taxes. (Charge 3) He misrepresented and concealed from a client his nonperformance of services and the status of an application for incorporation which he had been retained to secure.

The Referee's report is in all respects confirmed.

Respondent was suspended by this court for three months on June 19, 1958, because " in disregard and disrespect for the law * * * he ignored 54 traffic tickets * * * he failed to supply his client, upon demand, with a written accounting of the disposition of moneys the respondent held in escrow * * * and failed to remit the balance to his client ". (*Matter of Sanders*, 6 A D 2d 87; reinstated, 6 A D 2d 1034.)

Such behavior on respondent's part, as is evidenced by this and the prior proceeding, demonstrates a pattern of consistent misconduct and a complete disinterest by respondent in his professional obligations. Respondent clearly lacks the character and fitness required of an attorney at law. (*Matter of Turk*, 25 A D 2d 255.) In view of the gravity of his misconduct, as evidenced by the charges referred to, he should be disbarred.

STEVENS, J. P., EAGER, CAPOZZOLI, TILZER and McGIVERN, JJ., concur.

Respondent disbarred, effective July 28, 1967.